Argued and submitted July 10, 1998, affirmed May 19, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# SARA CLAY,
*Appellant.*

## (PR 023404; CA A99689)

987 P2d 517

Christopher J. Nye argued the cause for appellant. With him on the brief was Pozzi Wilson Atchison LLP.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

DEITS, C. J.

Wollheim, J., dissenting.

**DEITS, C. J.**

Defendant appeals her conviction for violating the maximum speed limit. ORS 811.123. She asserts that the evidence presented by the state was insufficient to convict her. The conviction was based on a photo radar citation issued pursuant to Oregon Laws 1995, chapter 579, sections 1-3. We affirm.

On February 19, 1997, Officer Hussey was operating a Portland Police Photo Radar Unit on the 3500 block of Northeast Hassalo Street in Portland. At approximately 2:26 p.m., the unit detected and photographed a silver four-door automobile with Oregon license plate number PWY 727. The vehicle was traveling 36 miles per hour in a 25 miles per hour zone. A citation for violating the posted speed limit was issued and mailed to defendant. Defendant received the citation, pled not guilty, and requested a trial. A trial was held on October 3, 1997. Defendant did not appear at trial but was represented by counsel, who was present. No evidence was presented on behalf of defendant.

At trial, Officer Hussey testified that on February 19, 1997, between the hours of 2:00 p.m. and 4:00 p.m., he was on duty, in uniform, operating a marked police vehicle on the 3500 block of Northeast Hassalo Street. He further testified that the speed of offending vehicles was displayed on the back of the photo radar unit and that signs indicating that speed limits were enforced by the use of photo radar were posted on all major routes in Portland. A photograph, taken by the radar unit, showing the driver of the vehicle at the time of the offense was submitted into evidence. On cross-examination, Hussey testified that he did not stop the car in question, that he had not, to his knowledge, ever met defendant and that he did not know the identity of the driver in the radar photo. Based on this evidence, defendant was convicted of violating the maximum speed limit.

The pertinent statute here is Oregon Laws 1995, chapter 579, section 2.[1] That statute provides, in part, that:

---

[1] This legislation, which adopted the Photo Radar Pilot Projects, was passed by the 1995 Legislature. Section 3 of the enacting legislation repealed the act on December 31, 1997. However, the 1997 legislature amended the act and made it

"(1)   Notwithstanding any other provision of law, in the jurisdictions authorized to use photo radar:

"(a)   A citation for speeding may be issued on the basis of photo radar if the following conditions are met:

"(A)   The photo radar equipment is operated by a uniformed police officer.

"(B)   The photo radar equipment is operated out of a marked police vehicle.

"(C)   An indication of the actual speed of the vehicle is displayed within 150 feet of the location of the photo radar unit.

"(D)   Signs indicating that speeds are enforced by photo radar are posted, so far as is practicable, on all major routes entering the jurisdiction.

"(E)   The citation is mailed to the registered owner of the vehicle within six business days of the alleged violation.

"(F)   The registered owner is given 30 days from the date the citation is mailed to respond to the citation.

"* * * * *

"(b)   A rebuttable presumption exists that the registered owner of the vehicle was the driver of the vehicle when the citation is issued and delivered as provided in this section."

As a general matter, the state has the burden of proving the necessary elements of an alleged traffic infraction by a preponderance of the evidence. ORS 153.575(2). On appeal, defendant argues that the state failed to prove either that she was driving the vehicle or, alternatively, that she was the registered owner of the vehicle. Defendant is correct that there is no direct evidence that she was the driver of the vehicle photographed by the photo radar unit. As noted above, however, the statute provides that the state may also prove this element of the offense by establishing that the defendant was the registered owner of the vehicle. Under the statute, upon proof that defendant was the registered owner,

permanent. The photo radar statutes are now codified at ORS 810.438 and ORS 810.439. The 1997 amendments to the act are not applicable to this case.

a rebuttable presumption exists that the registered owner was the driver of the vehicle at the time the photo was taken.

Defendant argues that the state did not prove by a preponderance of the evidence that defendant was the registered owner of the vehicle. She contends that in order for the state to satisfy its burden, it must have offered testimony that the police checked the vehicle's license plate number to identify the registered owner and determined that the owner was defendant. We disagree. The statute provides that a citation for speeding may be issued on the basis of the photo radar if it is "mailed to the registered owner of the vehicle." Defendant does not dispute that she received the citation in the mail.

We first conclude that, based on these facts, it may be directly inferred that the citation was mailed to her as the registered owner. Alternately, even if it could be said that that is not a reasonable inference, there exists, pursuant to OEC 311(1)(j), a presumption that "[o]fficial duty has been regularly performed." *See School District 129J v. Fosdick,* 68 Or App 23, 681 P2d 1167 (1984), *rev dismissed* 299 Or 314 (1985). Accordingly, it may be presumed that the state complied with its obligation under the statute and mailed the citation to the registered owner.[2] Defendant's acknowledgment that she received the citation allows a trier of fact to find by a preponderance of the evidence that she was the registered owner. Therefore, a rebuttable presumption existed that defendant was the driver of the vehicle photographed speeding by the photo radar. Absent any evidence from defendant that she was not the driver of the vehicle, the trial court did not err in concluding that the state had met its burden of proving the necessary elements of the alleged infraction by a preponderance of the evidence.[3]

---

[2] As an infraction case, with a different burden of proof than in a criminal case, this case presents a different question than the matter decided by the Supreme Court in *State v. Rainey,* 298 Or 459, 693 P2d 635 (1985).

[3] The dissent asserts that the "official duty" presumption cannot be given effect here, because it conflicts with and is outweighed by the presumption that the "law has been obeyed." In our view, however, the dissent is not correct in its premise that there is a *conflict* between the two presumptions under the circumstances here. Rather, the "official duty" presumption has not been rebutted, and the fact that it tends to prove is among the elements that put in dispute defendant's presumptive obedience of the law. Instead of the conflict that the dissent perceives

Defendant also argues that the trial court erred by shifting the burden of proof in this case to defendant. For the reasons discussed above, the trial court did not improperly shift the burden of proof.

Affirmed.

**WOLLHEIM, J.,** dissenting.

I disagree with the majority's use of the evidentiary presumption that an "[o]fficial duty has been regularly performed" in this case. I therefore respectfully dissent.

Defendant argues that the state failed to offer any evidence that she was the registered owner of the vehicle cited by photo radar. She asserts that, by neglecting that task, the state has not satisfied its burden of proof. The majority dismisses that contention by invoking the evidentiary presumption that an "[o]fficial duty has been regularly performed." OEC 311(1)(j). I believe that defendant should also be afforded a presumption in this case. We should presume that defendant has not committed the infraction that she is charged with—at least until the state proves every element of its case—because of the presumption that "[t]he law has been obeyed," OEC 311(1)(x). In the resulting clash of presumptions, the question that results is this: shall the state's presumption trump, shifting to defendant the burden of proving that an official duty was *not* performed, or shall defendant's presumption prevail and force the state to prove that it was. OEC 310 instructs us on how to deal with that conflict: "If presumptions are conflicting, the presumption applies that is founded upon weightier considerations of policy and logic. If considerations of policy and logic are of equal weight, neither presumption applies."

In this instance, the weightier policy consideration should be that which constrains the power of the state to make its case by a preponderance of the evidence, not a presumption thereof. Under OEC 310, the presumption relied on by the majority is in direct conflict with one of weightier consideration and should give way. It is a small thing to require,

---

between the two *presumptions*, the situation is one in which both presumptions operate simultaneously in proving or refuting the competing *factual conclusions* that the trier of fact could reach.

but one that is logical when juxtaposed with the resources[1] the state may bring to bear against those suspected of breaking its laws, even the small ones.

I dissent.

---

[1] The fact that this case involves photo radar injects a certain "Buck Rogers" quality into the mix that fascinates me. From photo radar to computerized driver registration lists, the technology available today for law enforcement and adjudication is amazing. That said, it is disconcerting to note the following from the trial court's dialogue with defendant's attorney.

"Mr., this is not a game that's gonna work, [counsel]. I am finding her guilty on the basis of the officer's testimony and your decision to make no attempt to identify her one way or the other. *You have identified yourself as the counsel of* [defendant] *and um . . . she clearly is the registered owner of the driver* [sic] *since she got the ticket and hired you, and I think that meets the burden of proof.* I'm going to impose a $35 fine." (Emphasis added.)

There are a plethora of tools at our disposal on which we may base our decisions. We are headed toward a judicial pickle, however, when we allow trial courts to find that, because a defendant got a ticket and retained a lawyer, the state's burden of proving an important element of its case is automatically met.