Argued and submitted November 3, 2003, decision of the Court of Appeals and the judgment of the circuit court affirmed March 4, 2004

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## CHRISTINE DAHL,
*Petitioner on Review.*

(CC PR106249; CA A112549; SC S50053)

87 P3d 650

Jeffrey C. Dahl, argued the cause and filed the briefs for petitioner on review.

Rolf Moan, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

KISTLER, J.

## KISTLER, J.

The primary question that this case presents is whether the state may rely on a statutory presumption to prove a traffic violation. We hold, as did the trial court and the Court of Appeals, that it may do so and accordingly affirm the Court of Appeals decision and the trial court's judgment.

A Portland police officer using "photo radar"[1] determined that a car registered to defendant had exceeded the speed limit. Although the photo radar took a photograph of the car and its driver, the officer did not stop the car or otherwise determine the driver's identity. Pursuant to ORS 810.439(1),[2] the state mailed a citation to defendant alleging that she had committed a speeding violation, and defendant asked for a hearing.

---

[1] Photo radar is a system in which radar detects a person driving in excess of a specified speed and a camera takes a photograph of the speeding car.

[2] ORS 810.439(1) provides that, in jurisdictions using photo radar:

"(a) A citation for speeding may be issued on the basis of photo radar if the following conditions are met:

"(A) The photo radar equipment is operated by a uniformed police officer.

"(B) The photo radar equipment is operated out of a marked police vehicle.

"(C) An indication of the actual speed of the vehicle is displayed within 150 feet of the location of the photo radar unit.

"(D) Signs indicating that speeds are enforced by photo radar are posted, so far as is practicable, on all major routes entering the jurisdiction.

"(E) The citation is mailed to the registered owner of the vehicle within six business days of the alleged violation.

"(F) The registered owner is given 30 days from the date the citation is mailed to respond to the citation.

"(G) If the person named as the registered owner of a vehicle in the current records of the Department of Transportation fails to respond to a citation issued under this subsection, a default judgment under ORS 153.102 may be entered for failure to appear after notice has been given that the judgment will be entered.

"(b) A rebuttable presumption exists that the registered owner of the vehicle was the driver of the vehicle when the citation is issued and delivered as provided in this section.

"(c) A person issued a citation under this subsection may respond to the citation by submitting a certificate of innocence or a certificate of nonliability under subsection (3) of this section or may make any other response allowed by law."

At the hearing, the state introduced evidence that "the photo radar unit detected and photographed a dark maroon utility vehicle with Oregon plate WVC313" exceeding the speed limit in violation of ORS 811.123, that defendant was the registered owner of that car, and that the state had mailed the citation to defendant in compliance with ORS 810.439. Beyond that, the state did not offer any evidence that defendant was driving her car when the violation occurred.[3] The state relied instead on the presumption in ORS 810.439(1)(b) to prove that defendant was the driver. That paragraph provides:

> "A rebuttable presumption exists that the registered owner of the vehicle was the driver of the vehicle when the citation is issued and delivered as provided in this section."

ORS 810.439(1)(b). Defendant did not offer any evidence to rebut the presumption; rather, she moved to dismiss the state's case at the close of the evidence on the ground that due process prevented the state from relying on the presumption to prove an element of its case. Without the presumption, defendant argued, the evidence was insufficient to establish that she was the driver.

The trial court rejected defendant's constitutional challenges, found that defendant had committed the traffic violation, and fined her $85. On appeal, the Court of Appeals rejected defendant's various challenges to the statutory presumption and affirmed the judgment. *State v. Dahl*, 185 Or App 149, 57 P3d 965 (2002). We allowed review to consider the recurring question whether the state may rely on a statutory presumption to prove a traffic violation. *See State v. Clay*, 332 Or 327, 331 n 4, 29 P3d 1101 (2001) (noting but not reaching various challenges to using presumption in ORS 810.439(1)(b) to prove traffic violations).

On review, defendant advances three reasons why the trial court should have granted her motion to dismiss. She argues initially that no reasonable trier of fact could find on this record that she was driving her car when the violation

---

[3] Defendant did not attend the hearing but appeared instead through her lawyer. The officer accordingly could not testify whether defendant appeared to be the driver pictured in the photograph that the photo radar took.

occurred. Alternatively, relying on state statutes and the Due Process Clause, she argues that the state may not rely on a presumption to prove an element of a traffic violation. Finally, defendant contends that, even if the state may rely on some presumptions to prove traffic violations, this presumption violates due process because the connection between the predicate and presumed facts is too tenuous.[4]

Before addressing those issues, we begin by describing the statutory background against which they arise. The state cited defendant for driving 11 miles faster than the speed limit in an urban area. *See former* ORS 811.123, *repealed by* Or Laws 2003, ch 819, §§ 19, 21 (describing traffic violation). If the allegations in the citation are true, defendant committed a Class C traffic violation and was subject to a maximum fine of $150. *See* ORS 811.109(1)(b) (2001) amended by Or Laws 2003, ch 819, § 17 (identifying different classes of violations); ORS 153.018(2) (identifying maximum fines for violations).

Although a traffic violation is an "offense" within the meaning of the criminal code, ORS 161.505, it is not a crime, ORS 161.515.[5] A traffic violation is instead civil.[6] Consistently with that designation, ORS chapter 153 provides that only some criminal procedural rules will apply to violations. *See* ORS 153.030 (so providing). More specifically, ORS 153.076(2) provides that the state has the burden of proving a violation by only a preponderance of the evidence.

ORS 810.439 sets out additional procedures for issuing citations and trying traffic violations based on "photo

---

[4] In the Court of Appeals, defendant also argued that the presumption violated her right against self-incrimination. The Court of Appeals rejected that argument. *Dahl*, 185 Or App at 156-58. Defendant does not pursue that issue on review, and we decline to reach it. ORAP 9.20(2).

[5] ORS 161.505 provides that "an offense is either a crime, as described in ORS 161.515, or a violation, as described in ORS 153.008." Not only does ORS 161.505 distinguish violations from crimes, but violations do not come within either of the definitions of "crime" set out in ORS 161.515. *See* ORS 161.515 (defining "crime" as either an "offense for which a sentence of imprisonment is authorized" or "a felony or a misdemeanor").

[6] On review, defendant does not argue that, although her offense was nominally civil, it was criminal in nature. *See State v. Selness/Miller*, 334 Or 515, 536, 54 P3d 1025 (2002) (analyzing similar issue under Article I, section 12, of Oregon Constitution).

radar." If the state complies with certain specified conditions, ORS 810.439(1)(a) authorizes the state to issue a citation for speeding to the registered owner of the car pictured in the photograph. ORS 810.439(3) requires the court to dismiss the citation if the registered owner submits a "certificate of innocence," stating that he or she was not driving when the violation occurred, and a photocopy of his or her driver's license. Finally, ORS 810.439(1)(b) creates a "rebuttable presumption * * * that the registered owner of the vehicle was the driver of the vehicle when the citation is issued and delivered as provided in this subsection." Because that presumption is the object of defendant's various challenges, we examine it in greater detail.

In order to take advantage of the presumption, the state must prove two predicate facts—that the defendant is the registered owner of the car and that the state "issued and delivered" the citation in accordance with ORS 810.439. *See* ORS 810.439(1)(b) (stating predicate for presumption); *Clay*, 332 Or at 331 (discussing one predicate fact). If the state proves those predicate facts, then the statute provides that "a rebuttable presumption" exists. Beyond identifying the presumption as "rebuttable," the statute does not define its effect, and we turn to the customary method of statutory interpretation to determine the legislature's intent. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993) (explaining statutory construction methodology).

We begin with the text and context of ORS 810.439(1)(b). *See PGE*, 317 Or at 610-11 (explaining methodology). As noted, the text of that paragraph uses the phrase "rebuttable presumption" but does not identify more precisely what the legislature intended. The phrase "rebuttable presumption" can refer to more than one procedural device. *See* Laird C. Kirkpatrick, *Oregon Evidence* § 308.03 (4th ed 2002) (identifying differing theories of rebuttable presumptions). It can refer to the common-law view, which holds that "a presumption disappears, or at least is reduced to an inference, in the face of legally sufficient rebutting evidence." *Id.* Alternatively, it can refer to the view, associated with Professor Edmund Morgan, that a rebuttable presumption shifts the burden of persuasion to the party against whom it is directed. *Id.*

■    In this case, the context makes the legislature's intent clear. Context includes related statutes as well as "the preexisting common law and the statutory framework within which the law was enacted." *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998). Here, the context includes OEC 308. That rule adopts Morgan's view of rebuttable presumptions and provides that, "[i]n civil actions and proceedings, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence."

Another contextual source points in the same direction. In *State v. Rainey*, 298 Or 459, 462 n 2, 693 P2d 635 (1985), the court noted that historically the legislature had distinguished among conclusive presumptions, rebuttable presumptions, and permissive inferences. The court explained that, because the legislature had omitted any reference to conclusive presumptions in the evidence code, "the only presumption remaining [in the Oregon Evidence Code] is one that is disputable or rebuttable within the terms specified in OEC 308." *Id.* The court thus made clear that, in Oregon, OEC 308 defines the terms on which a presumption may be rebutted in a civil action.

■    Reading ORS 810.439(1)(b) in context, we conclude that, when the legislature referred to a "rebuttable presumption" in that statute, it intended to refer to the procedural device described in OEC 308. It follows that, under ORS 810.439(1)(b), once the state proves the predicate facts, the presumption shifts the burden of persuasion (not just production) to the defendant to prove that he or she was not driving when the violation occurred. OEC 308; *see Massee and Massee*, 328 Or 195, 203, 203 n 3, 970 P2d 1203 (1999) (describing effect of rebuttable presumption in ORS 107.105(1)(f)).[7]

---

[7] If the evidence already in the record permits a reasonable trier of fact to find that the registered owner was not driving, the presumption does not require the registered owner to submit additional evidence. Rather, the registered owner may argue from the existing record that the trier of fact should find that he or she was not driving. The registered owner, however, bears the risk of nonpersuasion on that issue once the state proves the predicate facts.

■     With that background in mind, we turn to defendant's arguments. Defendant begins her first argument by noting that the court explained in *Clay* that "ORS 811.123 requires proof that a particular *person* was speeding." 332 Or at 331 (emphasis in original). She argues that a reasonable trier of fact could not infer from this record that she was the person driving her car. The Court of Appeals did not reach that issue because it held that defendant had not preserved it. *Dahl*, 185 Or App at 152 n 3. We read the record differently.

In support of her motion to dismiss, defendant argued to the trial court that the state had not introduced any evidence that she was the driver. We think that that argument was sufficient to put the trial court on notice that, in defendant's view, the state had to prove something more than that she was the registered owner; it had to introduce some evidence from which a reasonable trier of fact could find that she was the person driving the car. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (explaining that, to preserve issue, party must provide trial court with sufficient explanation to identify alleged error).

■     Although defendant preserved the issue, the trial court correctly denied her motion to dismiss. To be sure, no evidence identified defendant as the driver, but the trial court reasonably could find that defendant was the registered owner of the car and that the state issued and delivered the citation in accordance with ORS 810.439. If the court found those predicate facts, then ORS 810.439(1)(b) directed it to find that defendant was the driver unless she proved otherwise.[8] *See Clay*, 332 Or at 332 (describing effect of presumptions). Aided by the presumption, the evidence was sufficient to avoid a motion to dismiss.

■     Defendant raises a second issue. Relying on state statutes and the Due Process Clause, she argues that ORS 810.439(1)(b) improperly relieves the state of the burden of proving an element of the traffic violation. We begin with defendant's statutory argument. Defendant notes that ORS

---

[8] Defendant does not argue that the evidence required the trial court to find, as a matter of law, that she proved that she was not the driver; indeed, defendant introduced no evidence to rebut the presumption.

153.076(2) puts the burden on the state "of proving the charged violation by a preponderance of the evidence."[9] She contends that ORS 153.076(2) is inconsistent with and trumps ORS 810.439(1)(b). The former statute, defendant argues, requires the state to prove each element of the violation by a preponderance of the evidence while the latter relieves the state of that burden. She concludes that, as a matter of statutory interpretation, the former statute controls.

We question whether any conflict exists. ORS 153.076(2) provides that the state must prove each element of a traffic offense by a preponderance of the evidence. ORS 810.439(1)(b) identifies a specific situation in which the burden of persuasion shifts to the defendant. The latter statute carves out an exception to the former. To the extent, however, that a conflict exists, the specific statute controls over the general. *See* ORS 174.020(2) (so stating); *Kambury v. DaimlerChrysler Corp.*, 334 Or 367, 374, 50 P3d 1163 (2002) (explaining methodology for resolving conflicting statutes). The specific exception set out in ORS 810.439(1)(b) thus applies despite the state's general statutory obligation to prove a violation by a preponderance of the evidence.

Defendant argues, somewhat obliquely, that the court's decision in *Rainey* leads to a different result. In *Rainey*, the court held that the statutory requirement that the state prove each element of a crime beyond a reasonable doubt was inconsistent with and negated a statutorily based presumption. 298 Or at 465. That case, however, involved a consideration that is absent here. *Rainey* was a criminal case, and a different resolution of the two statutes would have resulted in a due process violation—a problem that the court both noted and carefully avoided. *See id.* (citing *State v. Stilling*, 285 Or 293, 590 P2d 1223, *cert den*, 444 US 880

---

[9] ORS 153.030(1) provides that, with certain exceptions, "the criminal procedure laws of this state applicable to crimes also apply to violations." Defendant argues that this subsection makes a variety of state statutes and federal constitutional rights applicable to violations. We address in the text the state statute that provides the strongest support for defendant's position. Although defendant argues that the phrase "criminal procedure laws of the state" includes federal constitutional rights, a federal constitutional right is not a criminal procedure law of this state.

(1979), and *Sandstrom v. Montana*, 442 US 510, 99 S Ct 2450, 61 L Ed 2d 39 (1979)). As we explain below, the due process concern that drove the court's statutory analysis in *Rainey* is absent here.

Relying on *Sandstrom*, defendant argues alternatively that the Due Process Clause prevents the state from using a rebuttable presumption to prove an element of a violation. As defendant notes, the trial court in *Sandstrom* instructed the jury on a presumption that, at a minimum, shifted the burden of production on an element of the charged crime to the defendant. 442 US at 517-18. The United States Supreme Court held that that presumption was inconsistent with the requirement, grounded in the Due Process Clause, that the state prove each element of a crime beyond a reasonable doubt. *Id.* at 523-24.

*Sandstrom* involved a crime, not a violation, and is not on point. The Due Process Clause requires the state to prove each element of a crime beyond a reasonable doubt, but that requirement does not extend to civil actions, such as this one. *See Lavine v. Milne*, 424 US 577, 585, 96 S Ct 1010, 47 L Ed 2d 249 (1976) (explaining that, "[o]utside the criminal law area, where special concerns attend, the locus of the burden of persuasion is normally not an issue of federal constitutional moment"); *In re Winship*, 397 US 358, 368, 90 S Ct 1068, 25 L Ed 2d 368 (1970) (holding that due process requirement of proof beyond reasonable doubt applies to crimes and similar offenses). The Due Process Clause poses no impediment to shifting the burden of persuasion to the defendant on one element of a traffic violation.

■ Defendant advances a final argument. She contends that, even if the Due Process Clause does not prevent the state from using some presumptions to prove violations, this presumption violates due process because the connection between the predicate fact (that defendant was the registered owner) and the presumed fact (that defendant was driving) is too tenuous to satisfy due process. Relying on criminal cases, defendant argues that the presumed fact must follow "more likely than not" from the predicate fact. She contends that the presumption in ORS 810.439(1)(b)

does not satisfy that standard because some people drive cars that they do not own.

Defendant uses the wrong constitutional standard. The United States Supreme Court has explained that "a *criminal* statutory presumption must be regarded * * * as unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." *Leary v. United States*, 395 US 6, 36, 89 S Ct 1532, 23 L Ed 2d 57 (1969) (emphasis added); *see Ulster County Court v. Allen*, 442 US 140, 167, 99 S Ct 2213, 60 L Ed 2d 777 (1979) (applying that standard to permissive inferences in criminal cases). The Court has applied a less stringent standard in civil cases, however. *See Lavine*, 424 US at 585 n 10 (explaining distinction). The Court thus reaffirmed in *Usery v. Turner Elkhorn Mining Co.*, 428 US 1, 96 S Ct 2882, 49 L Ed 2d 752 (1976), that, to avoid a due process violation in a civil case,

> " 'it is only essential that there shall be some rational connection between the fact proved and the ultimate fact presumed, and that the inference of one fact from the proof of another shall not be so unreasonable as to be a purely arbitrary mandate.' "

*Id.* at 28 (quoting *Mobile, J. & K. C. R. R. v. Turnipseed*, 219 US 35, 43, 31 S Ct 136, 55 L Ed 78 (1910)).

In *Usery*, the Court upheld a rebuttable presumption that a "coal miner with 10 years' employment in the mines who suffers from pneumoconiosis will be presumed to have contracted the disease from his employment." 428 US at 27. In reaching that conclusion, the Court accepted the defendant's argument that the degree of exposure to coal dust was more relevant to the likelihood of contracting pneumoconiosis than the length of employment. The Court held, however, that Congress could rely on the latter factor to shift the burden of production to the defendant. It reasoned:

> "In its 'rough accommodations,' Congress was surely entitled to select duration of employment, to the exclusion of the degree of dust exposure and other relevant factors, as signaling the point at which the [defendant] must come forward with evidence of the cause of pneumoconiosis[.]"

*Id.* at 29-30 (citation omitted).

The presumption in ORS 810.439(1)(b) satisfies the standard stated in *Usery*. The legislature's determination that the registered owner was driving his or her car is not "so unreasonable as to be a purely arbitrary mandate." *See Usery*, 428 US at 28 (stating standard). Rather, it was rational for the legislature to assume that registered owners commonly drive their own cars. As the state argues, without challenge by defendant, of all the conceivable purposes for which a person might register ownership of a vehicle in Oregon (including, for example, resale, investment or display as a collector's item), *use* of the vehicle for transportation exceeds all others. To paraphrase *Usery*, the legislature reasonably could select proof of ownership as the point at which the burden shifts to the registered owner to prove that he or she was not driving. *See id.* at 29-30 (explaining why Congress's choice was reasonable). Having considered defendant's statutory and constitutional arguments, we hold that the state validly relied on the presumption in ORS 810.439(1)(b) to prove that defendant committed a traffic violation.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.