Argued and submitted August 2, 2006, reversed and remanded for dismissal of citation February 7, 2007

## STATE OF OREGON,
*Respondent,*

*v.*

## MERWYN GREENLICK,
*Appellant.*

## PRL0-25261; A127374

152 P3d 971

Harrison Latto argued the cause and filed the brief for appellant.

Christina M. Hutchins, Senior Assistant Attorney General, argued the cause for respondent. With her on the

brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge,* and Huckleberry, Judge pro tempore.

EDMONDS, P. J.

---

* Wollheim, J., *vice* Linder, J.

## EDMONDS, P. J.

This case presents the opportunity to decide whether the statutory speedy trial right, ORS 135.747, applies to traffic violations. Defendant moved to dismiss the charge, asserting that the state had violated ORS 135.747 by bringing him to trial some 15 months after the citation was issued. The trial court did not address the state's contention that the statute was inapplicable, but ruled that the length of the delay was not unreasonable. For the reasons that follow, we reverse.

On October 1, 2003, a Portland Police Officer issued a uniform citation and complaint, charging defendant with having committed the traffic infraction of failing to obey a traffic control device, in violation of ORS 811.285. On November 7, 2003, defendant entered a written plea of not guilty and requested a trial. ORS 153.061(1). On March 12, 2004, trial was scheduled for December 28, 2004. Ten days before trial, defendant filed a written motion to dismiss the citation, on the ground that the state had failed to bring the charge to trial within a reasonable time, as required by ORS 135.747.[1] The state did not offer any justification for the delay but, without an evidentiary record, the trial court found that the reason for the delay was the "financial incapacity of the courts" and concluded that, because the matter was a violation and all of the evidence had been preserved, the delay was not unreasonable. The trial court denied defendant's motion to dismiss and, after trial, found defendant guilty of the violation of failure to obey a traffic control device.

■      Defendant appeals, contending that, because the state failed to bring him to trial within a reasonable time as required by ORS 135.747, the trial court erred in denying his motion to dismiss the citation. The state counters that ORS 135.747 is inapplicable to traffic violations. First, the state notes that ORS 135.747 applies to a defendant "charged with a crime" and correctly points out that a traffic violation is not

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

a crime. *See State v. Dahl*, 336 Or 481, 490, 87 P3d 650 (2004) (because a traffic violation is not a crime, due process is not offended by state's reliance on presumption in ORS 810.439(1)(b) to prove that defendant committed a traffic violation). Second, the state posits that the sanction provided in ORS 135.747—dismissal of the "accusatory instrument"— simply could not apply in the context of a traffic violation proceeding, a proceeding that is civil in nature and is not commenced by an accusatory instrument. ORS 131.005(3);[2] ORS 133.069;[3] ORS 153.048.[4]

---

[2] ORS 131.005 provides, in part:

"(1) 'Accusatory instrument' means a grand jury indictment, an information or a complaint.

"* * * * *

"(3) 'Complaint' means a written accusation, verified by the oath of a person and bearing an indorsement of acceptance by the district attorney having jurisdiction thereof, filed with a magistrate, and charging another person with the commission of an offense, other than an offense punishable as a felony. A complaint serves both to commence an action and as a basis for prosecution thereof."

[3] ORS 133.069 provides, in part:

"(1) A criminal citation issued with a form of complaint must contain:

"(a) The name of the court at which the cited person is to appear.

"(b) The name of the person cited.

"(c) A complaint containing at least the following:

"(A) The name of the court, the name of the state or of the city or other public body in whose name the action is brought and the name of the defendant.

"(B) A statement or designation of the crime that can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the crime is alleged to have been committed.

"(C) A form of certificate in which the peace officer must certify that the peace officer has sufficient grounds to believe, and does believe, that the person named in the complaint committed the offense specified in the complaint. A certificate conforming to this subparagraph shall be deemed equivalent to a sworn complaint.

"(d) The date on which the citation was issued, and the name of the peace officer who issued the citation.

"(e) The date, time and place at which the person cited is to appear in court, and a summons to so appear.

"(f) If the arrest was made by a private party, the name of the arresting person.

"(2) The district attorney for the county shall review any criminal citation issued with a form of complaint that is to be filed in a circuit or justice court. The review must be done before the complaint is filed."

[4] ORS 153.048(1) provides:

Defendant responds that, despite the fact that the language of ORS 135.747 appears to address only criminal proceedings, that provision has been made applicable to traffic violations through ORS 153.030, which provides, in part:

"(1)   * * * Except as specifically provided in this chapter, the criminal procedure laws of this state applicable to crimes also apply to violations.

"(2)   Notwithstanding subsection (1) of this section, the procedures described in this chapter and in the criminal procedure laws of this state do not apply to violations that govern the parking of vehicles and that are created by ordinance or by agency rule."

In defendant's view, it is indisputable that ORS 135.747 is a "criminal procedure law of this state." Because there is no exception in ORS chapter 153 to the requirement in ORS 135.747 that cases be tried within a reasonable time, he asserts that the statute applies to traffic violations.[5] The state does not argue that ORS 135.747 is not a law that concerns criminal procedure. It contends, only, that the statute provides a procedure that does not apply to violations.

Thus, the issue is whether the legislature intended in ORS 153.030(1) to incorporate by reference the provisions of ORS 135.747 into ORS chapter 153. Because the question is one of statutory interpretation, we turn to the familiar template established by *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The first step in our analysis is to examine the text and the context of ORS 153.030(1). If there is only one plausible understanding that comes from the language of the statute when read in its context, our inquiry is complete.

---

"The complaint in a violation citation must contain at least the following:

"(a)  The name of the court, the name of the state or of the city or other public body in whose name the action is brought and the name of the defendant.

"(b)  A statement or designation of the violation that can be readily understood by a person making a reasonable effort to do so and the date, time and place at which the violation is alleged to have been committed.

"(c)  A certificate under ORS 153.045(5) signed by the enforcement officer."

[5] *Cf. State v. Dahl*, 185 Or App 149, 57 P3d 965 (2002), *aff'd*, 336 Or 481, 87 P3d 650 (2004) (ORS 153.076(2) provides a specific exception in the traffic violation context to the "beyond a reasonable doubt" standard of proof applicable in criminal cases).

■　　　We note that the legislature has not undertaken to specifically define the phrase "criminal procedure laws." However, *Black's Law Dictionary* 403 (8th ed 2004) defines "criminal procedure" as follows:

> "The rules governing the mechanisms under which crimes are investigated, prosecuted, adjudicated, and punished. It includes the protection of accused persons' constitutional rights."

We have no difficulty concluding that ORS 135.747 is a law about criminal procedure. The Supreme Court has said that, taken as a whole, the statutory speedy trial scheme provides a method for dismissing cases that are languishing in the criminal justice system. Together, the speedy trial statutes, ORS 135.745, ORS 135.747, and ORS 135.753(2), provide a "housecleaning" mechanism triggered by the length of time that a particular case has been in the system. *State v. Emery*, 318 Or 460, 467, 869 P2d 859 (1994). As the Supreme Court recently noted in *State v. Johnson*, 339 Or 69, 81 n 8,116 P3d 879 (2005), the statutory speedy trial provisions are a part of the code of criminal *procedures*. It is clear, therefore, that ORS 135.747 is a criminal procedure law; accordingly, by clear operation of ORS 153.030, it is applicable to violations.

　　　Our conclusion is bolstered by another statute that, like ORS 153.030, incorporates criminal procedures. ORS 131.582(5) first makes "[t]he criminal procedure laws of this state apply to criminal forfeiture proceedings." ORS 131.582(11)(a) then provides as an exception that "[a] hearing pursuant to subsection (10) of this section [relating to contested affidavits] is an ancillary proceeding and the Oregon Rules of Civil Procedure apply." As it did in ORS 153.030, the legislature chose in ORS 131.582 to make the criminal procedure statutes generally applicable, and then it carved out exceptions. We note that the legislature also knows how to explicitly state when it wants only specific criminal procedures to apply. *See* ORS 419C.270.[6] In sum, the above reasons lead us to conclude that the legislature knows how to

---

[6] ORS 419C.270 provides:

"In all proceedings brought under ORS 419C.005 [relating to juvenile delinquency], the following rules of criminal procedure apply [list of applicable criminal procedures.]"

create exceptions to its statements of general applicability and could have done so if it did not mean for ORS 135.747 to apply to violations.

In construing a statute, we are not authorized to insert terms that have been omitted or to omit what has been inserted. ORS 174.010. We recognize, as the state points out, that there are difficulties with a literal application of ORS 135.747 to a traffic violation. That is not a sufficient reason, however, to conclude that ORS 135.747 does not apply to violations. ORS 135.747 is a criminal procedural statute that is applicable to crimes, but it has also been made applicable to violations through ORS 153.030. It is not our place to question the legislature's judgment in making that determination.

■ Thus, a straightforward application of ORS 135.747 in the context of a violation requires that a defendant be brought to trial within a reasonable period of time after the issuance of the citation. In this case, we have no difficulty concluding that a delay of 15 months between the issuance of the citation and trial was unreasonable in the absence of any other circumstances. *See State v. Davids*, 339 Or 96, 103, 116 P3d 894 (2005) (delay of 11½ months in DUII prosecution unreasonable in absence of explanation of delay by state). Accordingly, the trial court erred in denying defendant's motion to dismiss the citation.

Reversed and remanded for dismissal of citation.