Argued and submitted July 30, 2012, reversed February 6, 2013

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## BRANDON REX ROBERTS,
*Defendant-Respondent.*

Lane County Circuit Court
200717429; A148465

296 P3d 603

Christina M. Hutchins, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

George W. Kelly argued the cause and filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

This is a state's appeal from an order of a circuit court expunging defendant's conviction for unlawful delivery of marijuana, a misdemeanor. The state asserts that defendant was not entitled to have the conviction set aside because, within the 10-year period preceding his initiation of expunction, defendant had been convicted of a municipal violation (urinating in public). We agree with the state and reverse.

The facts are straightforward and undisputed. On October 9, 2007, defendant pleaded guilty to, and was convicted of, unlawful delivery of marijuana, an offense that had been charged as a Class B felony but was reduced by plea agreement to a misdemeanor. On January 21, 2010, defendant entered a plea of "no contest" to public urination, a violation of the Eugene municipal code, and paid a fine of $100. In a letter to the municipal court, he explained that he was working in Arizona and could not attend a trial in Eugene.

On October 14, 2010, defendant filed his motion to set aside the marijuana conviction. The state opposed the motion, because defendant had been convicted of the public urination violation within the 10-year period preceding the filing of his motion. Without explanation, the trial court rejected the state's argument that defendant was ineligible to have his conviction set aside as a result of the public urination violation and granted defendant's motion by order entered April 4, 2011, setting aside defendant's conviction and ordering that his records be sealed. This appeal followed.

Under ORS 137.225(1)(a),

"[a]t any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court where the conviction was entered for entry of an order setting aside the conviction[.]"

Defendant's misdemeanor conviction for unlawful delivery of marijuana is a conviction for which expunction is authorized under ORS 137.225(5)(e).

Nonetheless, pursuant to ORS 137.225(6)(b), the provisions allowing a person to apply for expunction do not apply to

> "[a] person convicted, within the 10-year period immediately preceding the filing of the motion pursuant to subsection (1) of this section, of any other offense, excluding motor vehicle violations, whether or not the other conviction is for conduct associated with the same criminal episode that caused the arrest or conviction that is sought to be set aside."

(Emphasis added.) In the state's view, defendant's municipal code violation is "any other offense" that precludes expunction.

The state notes that an "offense" is defined in ORS 161.505 as

> "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state. An offense is either a crime, as described in ORS 161.515, or a violation, as described in ORS 153.008."

Thus, an "offense" includes violations. Under ORS 153.008(1)(c), an offense is a violation if

> "[t]he offense is created by an ordinance of a county, city, district or other political subdivision of this state with authority to create offenses, and the ordinance provides that violation of the ordinance is punishable by a fine but does not provide that the offense is punishable by a term of imprisonment. The ordinance may provide for punishment in addition to a fine as long as the punishment does not include a term of imprisonment."

It is not disputed that defendant's municipal offense was a violation as described in ORS 153.008(1)(c). We reject defendant's policy-based argument that we should not give effect to ORS 137.225(6)(b) as written because it "makes no sense" to prohibit expunction when the defendant commits a relatively insignificant offense but to allow expunction when the defendant commits a serious traffic violation. That is an argument that must be taken up with the legislature.

The remaining question on appeal is whether defendant was "convicted" as that term is used in ORS

137.225(6)(b) by virtue of the judgment entered following his no contest plea to a municipal violation. Defendant contended at trial and contends on appeal that a no contest plea "would seem not to result in a 'conviction.'" In support of the trial court's ruling, defendant cites provisions of ORS chapter 153 that defendant contends, when read together, implicitly require the conclusion that a judgment entered after a no contest plea to a violation is something other than a conviction.

Defendant notes that, under ORS 153.061(3)(b), a defendant may enter a plea of no contest to a violation by "delivering to the court the summons, a check or money order in the amount of the base fine set forth in the summons, and a statement of matters in explanation or mitigation of the violation charged," and the delivery of the statement "constitutes a waiver of trial and consent to the entry of a judgment forfeiting the base fine * * *." Defendant further points out that when there is a trial or a guilty plea, the court enters a judgment, ORS 153.099(1) and (3), but when a defendant enters a plea of no contest, then the court "shall make a decision," ORS 153.099(2). Thus, defendant's view is that his no contest plea to the violation may have resulted in a "judgment forfeiting the base fine," or maybe a "decision," but not a "conviction."[1] Defendant reasons:

> "In effect, the statutes are designed to create a speedy and fair resolution of the defendant's alleged offense. That resolution—a judgment forfeiting the base fine—potentially gives both sides a 'win': The state or municipality, which believes the defendant likely committed an offense, receives a payment from the defendant that should help deter him from repeating such behavior and warn other transgressors that the law cannot be ignored; the defendant is allowed to cap the money he will pay and to claim that he remains unconvicted; and both sides avoid the expense and trouble of going to trial."

---

[1] Defendant further points out that, in violation cases, when a defendant has entered a no contest plea, the court nonetheless has discretion under ORS 153.061(7) to require that a trial be held if the court determines that the base fine is not adequate. If the defendant appears and enters a plea of no contest, and no trial is otherwise required, then, according to defendant, that means that the judgment entered on a no contest plea to a violation is merely a "decision" and not a judgment of conviction.

Defendant's statutory construction argument is undermined by ORS 135.345, which provides that "[a] judgment following entry of a no contest plea is a conviction of the offense to which the plea is entered." Nevertheless, defendant argues, ORS 135.345 applies only to crimes, not violations. He notes that a defendant who pleads no contest to a crime is afforded various rights that a criminal defendant who pleads guilty is afforded, such as having the court inform the defendant of rights that he or she is waiving and determine that the plea is voluntary and intelligently made and has a factual basis. *See* ORS 135.335, 135.385, 135.390, 135.395. On the other hand, in defendant's view, a defendant who pleads no contest to a violation has in effect chosen "to accept something akin to a diversion" because the defendant avoids appearing by choosing to pay the base fine.

Although ORS chapter 153 does not contain a provision similar to ORS 135.345, ORS 153.030(1) provides that, "[e]xcept as specifically provided in this chapter, the criminal procedure laws of this state applicable to crimes also apply to violations." And, as we have observed in the past, a person "adjudicated guilty of a violation is 'convicted' of that violation in the same sense that a person charged and found guilty of criminal conduct is 'convicted' of a crime." *Washington Cty. Police Assn. v. Washington Cty.*, 181 Or App 448, 454 n 3, 45 P3d 515 (2002), *rev'd on other grounds*, 335 Or 198, 63 P3d 1167 (2003). *See also City of Lowell v. Wilson*, 197 Or App 291, 293, 302, 105 P3d 856, *rev den*, 399 Or 406 (2005) (referring to "convictions" entered after the defendant's no contest pleas to municipal code violations). We conclude that, pursuant to ORS 135.345 and ORS 153.030(1), defendant's no contest plea to the violation of public urination resulted in a "conviction" of an offense within the 10 years preceding defendant's motion to expunge his marijuana conviction. *See State v. Greenlick*, 210 Or App 662, 667, 152 P3d 971 (2007) (stating that "criminal procedure" in ORS 153.030(1) refers to "rules governing the mechanisms under which crimes are investigated, prosecuted, adjudicated, and punished" and holding that the statutory speedy trial scheme in ORS chapter 135 is part of the code of criminal procedures and that ORS 135.747, one

of the speedy trial provisions, is a "criminal procedure law"). Accordingly, the trial court should have denied defendant's motion to set aside his marijuana conviction.

Reversed.