Submitted on remand from the Oregon Supreme Court December 11, 2001,
reversed February 13, 2002

STATE OF OREGON,
*Respondent,*

*v.*

DAVID ALLEN BAKER,
*Appellant.*

98-07-45983; A104522

40 P3d 569

Garrett A. Richardson for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Laura S. Anderson, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

## LANDAU, P. J.

This case is before us on remand for reconsideration in light of *State v. Clay*, 332 Or 327, 29 P3d 1101 (2001). We originally affirmed without opinion a judgment of conviction for failure to register as a sex offender, ORS 181.599 (1997), rejecting defendant's contention that, among other things, the state failed to prove that he failed to register. *State v. Baker*, 164 Or App 271, 991 P2d 65 (1999). On reconsideration, we conclude that defendant is correct that there is an absence of evidence that he failed to register as the statute requires. Consequently, we reverse the conviction.

Defendant was charged with violating ORS 181.599 (1997), which provides, in part:

"(1) A person who is required to register as a sex offender and who has knowledge of the registration requirement commits the crime of failure to register as a sex offender if the person fails, as required by ORS 181.595 * * * to:

"* * * * *

"(c) File an annual registration."

ORS 181.595 (1997), in turn, provides, in part:

"(2) Within 10 days following discharge, release from active parole, post-prison supervision or other supervised or conditional release, the person [who has committed a sex offense] shall provide, in person, the address of the person to the Oregon State Police, a chief of police, or a county sheriff. Thereafter, regardless of subsequent convictions or supervision for future convictions, the person shall provide, in person, the address of the person to the Oregon State Police, a chief of police, or a county sheriff:

"(a) Within 10 days of a change of residence; and

"(b) Once each year within 10 days of the person's birth date, regardless of whether the person changed address."

At trial, Detective Krueger of the Portland Police Bureau testified that the bureau keeps records of sex offenders and whether they have registered with the bureau and that the

bureau, as a courtesy, then transmits that information to the Oregon State Police. She testified that she checked that "system" and determined that defendant had not registered as required.

Defendant moved for a judgment of acquittal. According to defendant, the statute requires the state to prove that he failed to register with the Oregon State Police, a chief of police, or a county sheriff. In this case, he argued, the state proved only that he had failed to register with the Portland Police Bureau. The trial court denied the motion.

On appeal, defendant reiterates his contention that the state failed to prove that he did not register with *either* the Oregon State Police, a chief of police, *or* a county sheriff. At best, he argues, the state proved that he failed to register with the Portland Police Bureau. The state replies that it is reasonable to infer that the "system" to which Krueger referred was the Law Enforcement Data System (LEDS), a statewide police information network, and that it is reasonable to infer further that any state police officer, chief of police, or county sheriff with whom defendant had registered would have supplied that information to LEDS as part of his or her official duties. According to the state, under OEC 311(1)(j), it is entitled to rely on a presumption that official duties have been regularly performed. Thus, in this case, Krueger was entitled to conclude that, after checking with LEDS and finding no registration, defendant had failed to register with the state police, any chief of police, or any county sheriff.

OEC 311(1)(j) recognizes a presumption that an "[o]fficial duty has been regularly performed." In *Clay*, however, the Supreme Court held that, to rely on that presumption, the "predicate fact" that there is an official duty must be proved. 332 Or at 333. In this case—assuming for the sake of argument that the state is correct that the "system" to which Krueger referred was LEDS and not the Portland Police Bureau's own records—the state has failed to demonstrate that the state police and all the state's police chiefs and county sheriffs have an "official duty" to report a sex offender's registration to LEDS. There is no basis on which we may conclude that the state proved that defendant failed

to register with the state police, any police chief, or any county sheriff. The trial court therefore erred in denying defendant's motion for a judgment of acquittal.

Reversed.