Submitted May 27, affirmed November 18, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL IAN McELROY,
*Defendant-Appellant.*

Multnomah County Circuit Court
070140449; A136671

221 P3d 172

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Rolf C. Moan, Acting Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Defendant appeals a judgment of conviction for failure to report as a sex offender. ORS 181.599. He assigns error to the trial court's denial of his motion for a judgment of acquittal. We affirm.

The relevant facts, presented in the light most favorable to the state, *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994), are as follows. On January 5, 2007, Sergeant Mendenhall stopped defendant's vehicle for a traffic infraction. Mendenhall obtained defendant's driver license and ran it through the Law Enforcement Data Systems (LEDS) and Driver and Motor Vehicle Services Division (DMV) databases to check for warrants and to determine if the license was valid. The LEDS check revealed that defendant was a sex offender and that he had last reported as such on October 1, 2003. Although defendant's license stated that he resided in Lake Oswego, LEDS showed that defendant's last reported address was in Corvallis. Mendenhall knew that sex offenders had to make regular reports to law enforcement officials. He asked defendant if he had recently reported, in case that information had not yet been entered into LEDS. Defendant responded that he had reported to the Clackamas County Sheriff's Office, but that he did not have paperwork to verify that report. He also stated that he had been living in Lake Oswego since September 2005. Mendenhall arrested defendant for failure to report.

Defendant was charged with violating ORS 181.599, which provides, in part:

"(1) A person who is required to report as a sex offender and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person fails, as required by ORS 181.595, * * * to:

"* * * * *

"(c) Report following a change of residence[;]

"(d) Make an annual report[.]"

ORS 181.595, in turn, provides, in part:

"(3)(a) Within 10 days following discharge, release on parole, post-prison supervision or other supervised or

conditional release, the person [who has committed a sex offense] shall report, in person, to the Department of State Police, a chief of police or a county sheriff or to the supervising agency, if any.

"(b)  After making the report required by paragraph (a) of this subsection, the person shall report, in person:

"(A)  Within 10 days of a change of residence;

"(B)  Once each year within 10 days of the person's birth date, regardless of whether the person changed residence[.]"

In its information, the state alleged that defendant had failed to report as required within 10 days of his birth date and within 10 days of changing his address from Corvallis to Lake Oswego. Defendant was tried to the court.

At trial, Nancy Laundry, an administrative specialist for the Oregon State Police Sex Offender Registration Unit, testified that her job is to "evaluate and update and maintain sex offender registration records for Multnomah County with offenders letter group A through S" and that, "if someone were to register anywhere in the state," that registration would, "at some point," come to her. Referring to records kept by her office, she testified that defendant had reported on October 1, 2003, and on January 8, 2007, three days after he was arrested, but that she had no record of him reporting between those dates.

Defendant moved for a judgment of acquittal, arguing that it was not sufficient for the state to prove that a certain database did not contain a record of his report. His theory was that the mere absence of his name on lists that Laundry kept was not sufficient to prove that he did not register; he might have registered with one of the appropriate authorities, but that authority did not forward defendant's name to Laundry's list. To fill that evidentiary gap, defendant argued, the state had to take advantage of the evidentiary presumption that an "[o]fficial duty has been regularly performed," OEC 311(1)(j), which, in turn, required the state to prove that the "Department of State Police, a chief of police or a county sheriff or * * * supervising agency" had such an

official duty, ORS 181.595(3). The court rejected that theory, and defendant was convicted.

On appeal, defendant renews the argument that he advanced at trial, relying exclusively on *State v. Baker*, 179 Or App 486, 40 P3d 569 (2002). In that case, the only evidence presented by the state that the sex offender defendant had failed to report was the testimony of a Portland Police Bureau detective, who testified that the Bureau kept "records of sex offenders and whether they ha[d] registered with the bureau and that the bureau, as a courtesy, then transmit[ted] that information to the Oregon State Police." *Id.* at 488-89. The detective further testified that she had "checked that 'system' [presumably LEDS] and [had] determined that [the] defendant had not [reported] as required." *Id.* at 489. The defendant appealed, assigning error to the trial court's denial of his motion for a judgment of acquittal. We held that the state had failed to demonstrate that the state police and all the state's police chiefs and county sheriffs had an "official duty" to enter sex offender reports into LEDS and that, therefore, there was no basis on which a rational factfinder could conclude, merely from the fact that the defendant's name was not in LEDS, that the state had proved that the defendant had failed to report. Accordingly, we concluded, the trial court had erred in denying the defendant's motion for a judgment of acquittal. *Id.* at 489-90.

Here, however, the question is not whether "the state police and all the state's police chiefs and county sheriffs ha[d] an 'official duty' to report a sex offender's registration *to LEDS.*" *Id.* at 489 (emphasis added). Rather, the question in this case is whether the state police, state police chiefs, and county sheriffs had a duty to forward sex offender reports to the Oregon State Police Sex Offender Registration Unit—in this case, to Laundry's office. And, as the state points out, ORS 181.598(1) provides, as a matter of law, that they must do exactly that:

> "Agencies and officials required to register offenders under ORS 181.595, 181.596 and 181.597 shall use forms provided by the Department of State Police. The department shall include places on the form to list all the names used by the offender and the address of the offender. *No*

*later than three working days after registration*, the agency or official completing the form *shall*:

"(a)   Send the original copy of the registration form to the department; or

"(b)   Forward the registration information to the department by any means and, within 10 working days after registration, send the original copy of the registration form to the department[.]"

(Emphasis added.) Thus, consistently with the presumption that an "[o]fficial duty has been regularly performed," OEC 311(1)(j), the factfinder—here, the court—could presume that, had defendant reported at any point between October 2003 and January 2007, the official receiving that report would have forwarded the information to Laundry's office within three working days, where she would have received it. *See also State v. Clay*, 332 Or 327, 332-33, 29 P3d 1101 (2001) (determining "official duty" as a matter of law).

Affirmed.